## Dames Unemployment Compensation Case.

Argued October 22, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David R. Perry,* Special Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY RENO, J., March 5, 1946:

In this compensation case the bureau determined that the claimant was ineligible to compensation, and upon claimant's appeal, the referee sustained the bureau. Upon her appeal to the board, it reversed the referee and allowed compensation. The bureau appealed to us.

The only findings of fact by the board which require consideration relate to claimant's separation from her employment. The claimant, Grace Burkhart, was employed as secretary-stenographer by the Jacobs Aircraft Engine Company at Pottstown. On April 28, 1944, she voluntarily resigned her position in order to be married, and on May 13, 1944, she married Carl W. Dames, Jr., an aviation cadet in the United States Army,

at Tulsa, Oklahoma. She remained with her husband at Tulsa, and shortly thereafter moved to Greenville, Texas, and thence to Carizzo Springs, Texas, all of these places being near to the camps where her husband was stationed from time to time.

She registered for work, and contended, and the board found, that she was able, ready and willing to accept work. However, we do not reach the controversy concerning her availability for employment. Our answer to the contention that she had good cause for voluntarily leaving her employment decides the case.

The Board based its decision upon an extract from the opinion in *Teicher Unemployment Compensation Case,* 154 Pa. Superior Ct. 250, 253, 35 A. 2d 739: ". . . it is difficult to conceive of a cause more impelling, more humanly justifiable, than the impulse which induces a devoted wife to spend with a husband, who is a member of the Armed Forces in time of war, what may prove to be the last days they shall ever be together on earth." The board said: "Certainly the motivation for claimant's leaving her employment in the instant case is the same normal, compelling, human impulse which motivated the claimant in the Teicher case." Upon that theory, the board allowed compensation.

An impulse, a whim or a fancy cannot furnish the base upon which to predicate good cause. They lack the character and strength of a compulsion produced by extraneous and necessitous circumstances which, as explained in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, are the factors which transform a voluntary separation into involuntary unemployment. The public policy of the State indeed encourages marriage, but marriage is not a surrender to circumstances of the kind and quality that *compel* a decision to leave one's employment.

The pivotal point, however, is that no legal obligation rested upon the claimant to marry or to join her fiance. The Act of June 22, 1935, P. L. 450, §2, 48 PS

§171, abolishing causes of action for breach of contract to marry, frees the parties to an engagement to marry from legal obligations. Claimant was morally bound by the solemn promise which she exchanged with her intended spouse, but the agreement between them was not enforceable or cognizable in courts of law. The *Sturdevant* and *Felegy* appeals, decided this day, are based upon the compulsion arising from the legal obligation resting upon a wife. This was recognized in the *Teicher* case by the phrase, "a devoted wife". Even if an impulse were allowable as good cause, it would be applicable, under the facts and the express language of the *Teicher* case, only in the case of a wife.

Decision reversed.