Drahnak Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Dorothy Bryan Drahnak*, appellant, in propria persona, submitted a brief.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., April 12, 1962:

In this case compensation was refused by the Unemployment Board of Review under Section 402(b)(1) of the act, 43 PS §802(b)(1), on the ground that the claimant had voluntarily left her work without cause of a necessitous and compelling nature. The board also held the claimant to be disqualified under Section 402(b)(2) of the act, 43 PS §802(b)(2), which renders an employe ineligible for compensation where unemployment is due to leaving work (1) to accompany his or her spouse to a new locality or (2) because of a marital, filial or other domestic obligation or circumstance.

On August 3, 1960, the claimant gave her employer two weeks' notice that she was leaving to be married. She terminated her employment on August 17th. In

her application, she stated: "I quit my job on 8-17-60 because I got married on 8-20-60 and came to Balto. to make my home with my husband." The union contract provided that a female employe upon marriage would lose her seniority and would be subject to dismissal. When asked what was the company's policy, its local office representative testified that the company has a company-union contract which provides for the automatic dismissal of any female employe who marries.

Whether marriage of a female merely makes her "subject to dismissal", as the contract states, or results in automatic dismissal, is irrelevant here because the claimant did not wait to be discharged. There is no evidence to support findings that the usual procedure or custom is to give two weeks' notice of intention to get married and that this constitutes a dismissal. Neither the union contract nor company policy rendered her subject to dismissal, automatic or otherwise, for announcing her intention to become married. Under the circumstances there was no good cause, much less cause of a compelling and necessitous nature, for the claimant voluntarily to terminate her employment on August 17, 1960. *Dames Unemployment Compensation Case*, 158 Pa. Superior Ct. 564, 45 A. 2d 909 (1946).

There is no evidence to support the claimant's assertion that similar claims of others, filed through the Indiana, Pennsylvania, office of the bureau against this employer, are being paid. Even if we assumed the improbable fact that other similar claims against this employer improperly have been allowed this would furnish no ground for sustaining the claim before us in the face of the disqualifying language of the statute. There also is no evidence that the claimant was tricked or deceived in any way.

Claimant contends that the board took into consideration only the fact that she moved to follow her hus-

band after she got married and that it did not consider the union contract, which is the basis for her claim. As stated above, this is not a case where the claimant suffered an involuntary dismissal and then joined her husband in a new locality. By her own admission she quit her job to get married and join her husband in Baltimore, Maryland. These uncontradicted facts compel the Board's conclusions that she is disqualified from receiving benefits under Sections 402(b)(1) and 402-(b)(2) of the act.

Decision affirmed.