## Wood Unemployment Compensation Case.

Argued September 17, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Joseph Lurie,* with him *Levitan and Lurie,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 12, 1964:

Mrs. Lavona E. Dohl, now Wood, was last employed as a cigar maker by the Consolidated Cigar Corporation in Berwick, Pennsylvania. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had voluntarily terminated her employment without cause of a necessitous and compelling nature, and was disqualified under the provisions of Section 402(b)(1) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937), 2897, 402(b)(1), 43 P.S. 802(b)(1). This appeal followed.

The record discloses that claimant, now Mrs. Wood, then Mrs. Dohl, commenced work for the Consolidated Cigar Corporation on November 13, 1961. Living with her at the time in Berwick were her two daughters, Sandra and Jean Dohl, aged sixteen and eleven years

respectively. Claimant's prior husband, Dohl, had secured a divorce in Texas, effective January 12, 1961. According to claimant's testimony, she was not receiving any support from Dohl for the two children. Having agreed to marry Wood, who lived and worked in Cleveland, claimant gave her employer two weeks notice. Her final day of work was June 27, 1963. The date of her marriage to Wood was July 7, 1963. Claimant and her younger daughter, Jean, have since resided with Wood in Cleveland. The older daughter, Sandra, attained the age of eighteen and is now a married woman. It is undisputed that claimant was not discharged or laid off, and that continuing work was available.

The Board of Review found as a fact claimant voluntarily terminated her employment to be married, and properly concluded that this did not constitute cause of a necessitous and compelling nature. In *Dames Unemployment Compensation Case,* 158 Pa. Superior Ct. 564, 45 A. 2d 909, this court held that a claimant who voluntarily resigned her position to marry a member of the armed forces did not have good cause for terminating her employment. Similarly, in *Drahnak Unemployment Compensation Case,* 198 Pa. Superior Ct. 35, 179 A. 2d 659, benefits were denied where claimant voluntarily quit work to marry and join her husband in another state. While our opinion might well end at this point, we will briefly discuss the contention advanced by counsel for claimant on this appeal.

The argument is made that claimant is eligible for benefits by reason of the proviso in Section 402(b)(2) of the statute which reads as follows: "An employe shall be ineligible for compensation for any week . . . (b) . . . (2) In which his or her unemployment is due to leaving work (I) to accompany or to join his or her spouse in a new locality, or (II) because of a

marital, filial or other domestic obligation or circumstance, whether or not such work is in 'employment' as defined in this act: Provided, however, That the provisions of this subsection (2) shall not be applicable if the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance from the new locality to which the employe has moved".

It should be noted that Mrs. Dohl was not married to Wood on June 27, 1963, the date she voluntarily terminated her employment. Interpreting the statutory proviso literally, claimant did not leave work to accompany or join her spouse, because Wood was not yet her husband. At the time of filing her interstate claim, Mrs. Dohl stated: "I quit my job to come to Cleveland, Ohio, to get married". The family referred to by the legislature in the statutory proviso is the family of claimant and his or her spouse. So far as the instant factual situation is concerned, this family did not come into being until July 7, 1963. Assuming arguendo that claimant was the sole support of her two daughters after her divorce from Dohl, she was not the sole or major support of the family after her marriage to Wood.

As a matter of fact, it appears that, upon his marriage to Mrs. Dohl, Wood assumed Jean's support. At the initial hearing before the Referee, claimant testified as follows: "Q. You could have, but it would have been a hardship on your part. A. On my part, that's right. Because I was sole support of two children until April of this past year. And one daughter reached 18 and then I was sole support of another one which was just 14 yesterday . . . And I supported them for two years solid until this marriage July 6th. Q. All

right. And is the 14 year old living with you now?
A. Yes, she is. Q. And are you still supporting her?
A. No. Her stepfather is taking over. Q. All right.
Has he adopted her? A. No, not yet. Q. All right.
But he is contributing the actual support money, right?
A.Yes". Similarly, at the first remand hearing claim-
ant testified as follows: "Q. All right, and were you
the sole support of these children? A. I was. Q. And
how long did you continue to be the sole support of
them? A. Until July 6th. Q. Until the day you were
married? A. The day I was married. Q. All right.
Has your present husband adopted the children? A. No
he has not. Q. They still carry the name of Dohl?
A. Yes, except the one that is married. Q. One child
has just married? A. Right. Q. But you still have
one daughter living with you here in Lakewood?
A. Yes I do. Q. And ah, well she has not been adopted
she is supported by her . . . A. Stepfather".

In brief, it is clear that claimant does not fall with-
in the exception provided for in Section 402(b)(2) of
the statute. She is therefore ineligible for benefits.
Cf. *Cochran Unemployment Compensation Case,* 197
Pa. Superior Ct. 149, 177 A. 2d 26.

Decision affirmed.

————

DISSENTING OPINION BY FLOOD, J.:

I respectfully dissent. Under the evidence, the
claimant was the sole support of her family for the
six months' period prior to the date when she left to
be married ten days later and live with her new hus-
band in Cleveland. Therefore, in my opinion, she
comes within the proviso of §402(b)(2), 43 PS
§802(b)(2). Since the board of review apparently did
not consider the evidence in the light of this proviso, I
would remit the case to the board for proper disposi-
tion of the matter.