340 A.2d 137.

KATHLEEN MURPHY *vs.* ALBERT FASCIO, *Chairman of the Board of Review, Department of Employment Security et al.*

JUNE 23, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

34

Roberts, C. J. This is a petition for employment security benefits as provided by the Rhode Island Employment Security Act, G. L. 1956 (1968 Reenactment) chapters 42 through 44 of title 28. The record discloses that the petitioner had left her employment with a manufacturing concern located in this state in pursuance of her intention to marry and thereafter to reside with her fiance at his residence in Georgia. The petitioner filed her claim for these unemployment benefits on October 2, 1972. The Director of the Department of Employment Security denied the claim on the ground that under §28-44-17 the claimant had voluntarily left her job without good cause and was, therefore, ineligible for the unemployment relief requested. The petitioner exhausted her administrative remedies and subsequently appealed an adverse decision of the department's board of review to the Superior Court. On November 19, 1973, the trial justice entered a judgment denying and dismissing the petitioner's complaint and affirming the majority decision of the board of review. Her petition for a writ of certiorari

having been granted, the petitioner now seeks review of that judgment by this court.

It is not disputed that petitioner's sole reason for leaving her job in Rhode Island was to marry and reside with her fiance in another state. Section 28-44-17 provides that an individual who leaves work voluntarily without good cause shall be ineligible for waiting-period credit or benefits. The only question raised by this appeal is whether petitioner's reason for leaving her job constituted "good cause" for purposes of §28-44-17.

This court has had occasion to construe "good cause" in several cases. In *Harraka v. Board of Review of Dep't of Employment Security*, 98 R. I. 197, 200 A.2d 595 (1964), the employee left his job with a chemical manufacturer because the chemicals with which he had to work caused discoloration of both his skin and his clothing. This court held that the employee's reason for leaving constituted good cause and accordingly reversed the decision of the Superior Court, which had affirmed the ruling of the board of review.

In *Whitelaw v. Board of Review of Dep't of Employment Security*, 95 R. I. 154, 185 A.2d 104 (1962), we held that the review board's finding that pushing a cart was part of the petitioner's job was supported by substantial evidence and, thus, not to be disturbed by the reviewing court. Having so concluded, we affirmed the decision of the board that the petitioner's leaving his job because he was required to push a cart did not constitute leaving for "good cause." Implicit in our affirmance was our decision as a matter of law that leaving one's employment simply because one chooses not to perform the tasks assigned him does not constitute leaving for good cause.

In *Cahoone v. Board of Review of Dep't of Employment Security*, 104 R. I. 503, 246 A.2d 213 (1968), we held that the trial justice had the power to affirm a de-

cision of the board only if its findings were not "clearly erroneous in view of the * * * substantial evidence" or "arbitrary" or "capricious" within the meaning of those terms as provided in the Administrative Procedures Act. General Laws 1956 (1969 Reenactment) §42-35-15. In *Cahoone* the board found that the petitioner had left his employment after one day of work because he was assigned to drive a truck instead of to deliver mail (which he preferred) and because he was disgruntled when at the end of a long working day he found his car blocked. In deciding that the board had correctly determined that the petitioner had terminated his employment without good cause, this court concluded that the board's findings of fact were neither clearly erroneous nor arbitrary or capricious and that, as a matter of law, such facts as found did not constitute leaving work for "good cause."

Despite respondents' contentions to the contrary, in all three cases the determination of what circumstances will constitute good cause was a question of law to be resolved by this court. Accordingly, we will treat that determination in the instant case as a question of law.

The answer to the question whether petitioner's leaving work was for "good cause" depends ultimately on whether the provision of unemployment benefits to petitioner comports with the policies underlying the Employment Security Act. Those policies are stated in general terms in §28-42-2. That statute indicates that unemployment benefits were intended to alleviate the economic insecurity arising from termination of employment the prevention of which was effectively beyond the employee's control. This court has liberally construed the "good cause" provision in the past in accordance with the statutory command of §28-42-73. *See Harraka* v. *Board of Review of Dep't of Employment Security, supra.*

Thus, not only where an employee is laid off but also

where he is forced to leave his job to avoid illness, aggravation of a nervous reaction, or production of psychological trauma which would result from continued exposure to the peculiar duties of his job, would the act afford protection. *Id.* at 201, 200 A.2d at 597-98. The Employment Security Act was intended to protect individuals from the hardships of unemployment the advent of which involves a substantial degree of compulsion. We conclude, then, that leaving one's employment to marry and to reside with one's intended spouse in another jurisdiction does not involve the kind or degree of compulsion which the Legislature intended "good cause" should entail.[1] Thus, we hold that the petitioner voluntarily terminated her employment without good cause for purposes of §28-44-17.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the Superior Court with our decision endorsed thereon.

*Abatuno & Chisholm, Michael T. F. Wallor, Thomas F. Fogarty, Jr.,* for petitioner.

*Louis Baruch Rubinstein, Charles H. McLaughlin, Irving J. Bilgor,* for respondents.

---

[1] A number of jurisdictions with statutes providing for unemployment compensation which resemble the Employment Security Act have adopted the position that "good cause" does not encompass terminating employment to marry. *See, e.g., Cooper* v. *Doyal,* 205 So.2d 59 (La.App. 1967); *Moore* v. *Bureau of Unemployment Compensation,* 73 Ohio App. 362, 56 N.E.2d 520 (1943); *Wood* v. *Unemployment Compensation Board of Review,* 204 Pa.Super. 387, 204 A.2d 294 (1964); *but see Shaw* v. *Lubin,* 5 N.Y.2d 1014, 158 N.E.2d 128, 185 N.Y.S.2d 267 (1959).