Thomas D'AMBRA

v.

**BOARD OF REVIEW, DEPARTMENT OF EMPLOYMENT SECURITY.**

No. 84–104–M.P.

Supreme Court of Rhode Island

Nov. 18, 1986.

William J. George, Narragansett, for petitioner.

Pat Nero, Cranston, for respondent.

## OPINION

WEISBERGER, Justice.

This case comes before us on petition for certiorari filed by Thomas D'Ambra (employee) to review a decision of the District Court that upheld a determination of the Board of Review of the Department of Employment Security (the board) holding that the employee had voluntarily left his position of employment without good cause and was therefore not entitled to employment compensation benefits pursuant to G.L.1956 (1979 Reenactment) § 28–44–17. The facts of the case are set forth succinctly in the findings of fact of the board.

"The claimant, a manager of a shoe department who had been employed one and one-half years, left his job voluntarily on September 3, 1982.

"The claimant was identified as a suspect concerning the loss of a $970 bank deposit. This incident occurred on October 12, 1981. The claimant and another employee were responsible for depositing this money at the bank on a Saturday.

"The claimant was closely questioned by company officials. The matter was resolved by the bank and the company and the claimant was cleared.

"On August 13, 1982 the claimant was suspected concerning a missing case of handbags. On the same day the error was discovered and the claimant was again cleared.

"The claimant had received a written warning on June 21, 1982 criticizing his job performance.

"The claimant became upset about these matters and consulted with a physician whose report is marked Exhibit # 1.

"In addition, on September 13, 1982 the Agency contacted Dr. Foster and he stated: 'I did not advise the claimant to leave his job. I did treat him for nerves and tension but did not tell him he should no longer work for this company.' "

Relying on the foregoing findings of fact, the board concluded that the employee had not established good cause for leaving his employment. It found that there was not sufficient evidence to establish that he left his job because of its detrimental effect on his health and further that it would have been reasonable for him simply to dismiss the incidents relating to accusations after he had been cleared of any wrongdoing.

A justice of the District Court affirmed the decision of the board with the following comment:

"After a careful review of all the evidence therefore, the Court cannot find that the decision of the Board of Review was either clearly erroneous in view of the reliable, probative and substantial evidence on the whole record or that it was arbitrary or capricious. Therefore, after a careful examination of the record it is the decision of the Court that the decision of the Board of Review is hereby affirmed."

The question of what circumstances may constitute good cause for leaving employment is a mixed question of law and fact. *See DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 399 A.2d 1229 (1979). It is true that in certain circumstances the facts as found by the board may lead only to one reasonable conclusion. In such a case, the determination of "good cause" will be made as a matter of law. *See Powell v. Board of Review*, 477 A.2d 93 (R.I.1984); *Murphy v. Fascio*, 115 R.I. 33, 340 A.2d 137 (1975); *Cahoone v. Board of Review*, 104 R.I. 503, 246 A.2d 213 (1968); *Harraka v. Board of Review*, 98 R.I. 197, 200 A.2d 595 (1964); *Whitelaw v. Board of Review*, 95 R.I. 154, 185 A.2d 104 (1962).

As we pointed out in *DeNardo*[1] and as we implied in the foregoing cases involving unemployment compensation, a question of law is presented in reviewing a mixed question of law and fact when the facts as found by the administrative agency and supported by competent legal evidence permit reasonable persons to draw only one conclusion.

In the case at bar, we are of the opinion that the facts as found could have led to more than one reasonable conclusion. We cannot say that the board committed an error of law or was clearly wrong in resolving the mixed question of law and fact in concluding as it did that the employee had left his employment voluntarily without good cause. Therefore, the justice of the District Court was correct under the standards set forth in G.L.1956 (1977 Reenactment) § 42–35–15(g), as amended by P.L.1981, ch. 40, § 1, in upholding the decision of the board.

Consequently, the employee's petition for certiorari is denied and dismissed. The writ heretofore issued is hereby quashed, and the papers in the case are remanded to the District Court with our decision endorsed thereon.

---

1. In *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 399 A.2d 1229 (1979), the question to be determined was whether an injury to an employee arose "out of or in the course of employment." We determined that this was a mixed question of law and fact.