**Anna T. KANE**

v.

**WOMEN AND INFANTS HOSPITAL OF RHODE ISLAND et al.**

**No. 90–62–M.P.**

Supreme Court of Rhode Island.

June 5, 1991.

Charles McLaughlin, Providence, for Anna T. Kane.

Steven E. Snow, Partridge, Snow & Hahn, Providence, Pat Nero, Cranston, for Women and Infants Hosp. of Rhode Island et al.

## OPINION

MURRAY, Justice.

Anna T. Kane (employee) is petitioning for certiorari[1] to review a determination by the Board of Review (board) of the Department of Employment Security (department). The board has determined that the employee is ineligible for unemployment-compensation benefits.

The facts are not in dispute. The employee worked at Women and Infants Hospital of Rhode Island (hospital or employer) for approximately twenty-seven years. In June of 1987 she requested and received a transfer to a nurse's-aide position in the nursery. Thereafter, the hospital received numerous complaints from patients, visitors, and staff concerning her demeanor and inept handling of the infants. She also reportedly yelled at visiting parents. Consequently the hospital gave her oral and written warnings to correct her behavior. When the situation worsened, she was suspended for three days.

On July 27, 1988, employee was still mishandling the infants and yelling at their parents. The hospital decided to terminate her employment. The basis of her discharge was determined to be involuntary termination due to willful misconduct. Because of her long years of service and anticipated pension benefits, however, employee was told to take an early retirement or she would be fired.

The employee opted for early retirement. Thereafter, she applied for unemployment-insurance benefits. The employee alleges that she voluntarily terminated her employment pursuant to a retirement plan and that she is therefore eligible for benefits under G.L.1956 (1986 Reenactment) § 28–44–17.[2] That section specifically states that employees who voluntarily leave employment pursuant to a retirement plan are deemed to have left for good cause and are eligible to receive unemployment benefits.

The department denied employee unemployment benefits, ruling that a resignation tendered under the threat of dismissal for misconduct is not a voluntary termination, but a discharge for misconduct. Accordingly, § 28–44–18[3] bars employee from receiving benefits. A referee, the board, and a District Court judge upheld this denial of benefits. This appeal is concerned solely with the question of whether employee's resignation was voluntary. We affirm the District Court's decision that employee involuntarily left her employment.

This court has previously considered the question of what is considered "good cause" for purposes of § 28–44–17. An employee is deemed to leave for good cause when the employee is faced with sufficiently adverse circumstances that are beyond that employee's control. *See Powell v. Department of Employment Security,* 477 A.2d 93, 96–97 (R.I.1984) (public-relations person voluntarily left employment for good cause when he refused to publish misleading release); *Harraka v. Board of Review of Department of Employment Security,* 98 R.I. 197, 203, 200 A.2d 595,

1. The defendants in this case are Women and Infants Hospital of Rhode Island, Henry F. Murray, Jr., Jessie H. Smith, and Ronald M. Coia, all in their official capacities as members of the Board of Review of the Department of Employment Security for the State of Rhode Island.

2. General Laws 1956 (1986 Reenactment) § 28–44–17 states in relevant part as follows:
   "*Voluntary leaving without good cause.—* [A]n individual who leaves work voluntarily without good cause shall be ineligible for waiting period credit or benefits * * *; Pro-

vided, however, That any individual who leaves his work pursuant to a plan, system or program, public or private, providing for retirement, and who is otherwise eligible, shall under no circumstances be deemed to have left voluntarily without good cause."

3. Section 28–44–18 states in relevant part:
   "*Discharge for misconduct.—*An individual who has been discharged for proved misconduct connected with his work shall thereby become ineligible for benefits."

598 (1964) (employee with a particular sensitivity to chemicals used by his employer had good cause to quit voluntarily).

Conversely we have also considered cases wherein we ruled that the employee left without good cause. *See D'Ambra v. Board of Review, Department of Employment Security,* 517 A.2d 1039, 1040 (R.I. 1986) (employee who leaves employment after twice having been cleared of charges of stealing from his employer did not leave for good cause); *Murphy v. Fascio,* 115 R.I. 33, 37, 340 A.2d 137, 139 (1975) (leaving job to marry and move to another state is not good cause). Prior to today, however, this court has not considered the question of the *voluntariness* of an employee's leaving.

To recover under § 28–44–17, an employee must leave both for good cause *and* voluntarily. Most jurisdictions hold that if an employee resigns because of a reasonable belief that he or she is about to be discharged for job performance, then the resignation is not voluntary. *See Matter of Werner,* 44 N.C.App. 723, 725–29, 263 S.E.2d 4, 6–7 (1980) (an employee who resigns at his employer's request because the employer is no longer "pleased" with his job performance did not resign voluntarily); *Norman Ashton Klinger Associates v. Unemployment Compensation Board of Review,* 127 Pa.Commw. 293, 295–98, 561 A.2d 841, 842–43 (1989) (an employee who resigns upon being told he would be discharged, not for willful misconduct, did not resign voluntarily). These cases examine the voluntariness of the resignation according to whether the employee acted of his or her own free volition. *Green v. Board of Review of Industrial Commission,* 728 P.2d 996, 998 (Utah 1986). Even though an employee may be given a choice to resign or be fired, "if that choice is not freely made, but is compelled by the employer, that is not an exercise of volition." *Id.* An employee who wishes to continue employment, but nonetheless resigns because the employer has clearly indicated that the employment will be terminated, does not leave voluntarily. *Perkins*

*v. Equal Opportunity Commission,* 234 Neb. 359, 362, 451 N.W.2d 91, 93 (1990).

The cases cited above concern employees who involuntarily resigned because they would otherwise have been discharged for poor job performance. We believe that the factors for determining the voluntariness of the resignation are equally applicable to a threatened discharge for misconduct. Accordingly we are persuaded that if an employer tells an employee to resign or else he or she will be terminated for misconduct, such an action is not a voluntary resignation for purposes of § 28–44–17. Although employee in this case was given the choice either to retire or to be fired, she did not choose freely. *See Green,* 728 P.2d at 998. If the matter were up to her, she would still be employed. *See Perkins,* 234 Neb. at 362, 451 N.W.2d at 93.

The employer in the instant case alleges that it would have discharged employee for misconduct had she not resigned. Employees who are involuntarily discharged for misconduct are ineligible for benefits pursuant to § 28–44–18. Misconduct is defined under § 28–44–18 as

> " 'conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.' " *St. Pius X Parish Corp. v. Murray,* 557 A.2d 1214, 1217 (R.I.1989).

The employee has not challenged the assertion that she engaged in misconduct.

She has premised her appeal solely on the ground that her resignation was voluntary. Accordingly, we shall not disturb the department's finding that the employee's demeanor and behavior constituted misconduct. We conclude that the employee's forced resignation was not voluntary. Because she engaged in misconduct, she is ineligible for benefits pursuant to § 28–44–18.

The plaintiff's petition for certiorari is denied, the writ previously issued is quashed, and the decision of the District Court is affirmed. The papers of the case are remanded to the Department of Employment Security.

FAY, C.J., did not participate.