[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is an administrative appeal by the plaintiff, Lincoln School Committee (School Committee) from a decision and order of the Rhode Island State Labor Relations Board (Board) which found the School Committee to have committed an unfair labor practice against the defendant Lincoln Teachers' Association, Local 1461, AFT, AFL-CIO (Union).
The facts of this case are largely undisputed. The School Committee and the Union have negotiated a collective bargaining agreement and have had a collective bargaining relationship for some time. Excluded from the Union by Article II, Section 1 of the collective bargaining agreement are Student Services Supervisors and Student Services Coordinators.
These employees, of which there are five, are certified teachers who perform non-teaching functions as school social workers. Each has entered into individual employment contracts or so-called "personal service contracts" with the Lincoln School Committee.
In 1989, as a result of a petition filed by the Union, the State Labor Relations Board ordered these persons to be accreted into the bargaining unit. It is unclear from the record whether these employees were given notice of the Union's petitions or an opportunity to be heard before the Labor Relations Board regarding their individual employment contracts.
Following the issuance of the 1989 decision and Order of the Board, these employees became members of the bargaining unit and were then subject to the terms of the collective bargaining agreement. In anticipation of this event, a meeting was held by the Union and the representatives of the School Committee to discuss certain working condition such as length of workday, work year and preparation time. Salary was not discussed or ever negotiated.
The School Committee then adjusted the salary of all five employees in accordance with the salary scale of the collective bargaining agreement as it relates to certified teachers. Two of the five employees received higher salaries than they were previously earning under their individual employment contract, one person's salary remained the same and the salary of two employees, Ivy Kolb and Mary Ann McComiskey was reduced.
The Union filed a complaint with the Rhode Island State Labor Relations Board alleging an unfair labor practice in the salary change for Ivy Kolb and Mary Ann McComiskey. The complaint charged that the unilateral reduction in the salaries of Ivy Kolb and Mary Ann McComiskey was a refusal to bargain with representatives of the Union and constituted a violation of R.I.G.L. 1956 (1986 Reenactment) § 28-7-13(6)[1].
Following the issuance of a preliminary complaint and a full evidentiary hearing, the Board found that it had jurisdiction over the subject matter of the complaint and that it was an unfair labor practice for the Lincoln School Committee to reduce the salaries of Ivy Kolb and Mary Ann McComiskey without first negotiating with the Union as to the salary to be paid for these new positions.
The issue of the jurisdiction of the State Labor Relations Board over the subject matter of this case was hotly contested before the Board and forms the basis for plaintiff's complaint. Plaintiff contends that the applicable salary of each of the new members was negotiated prior to the adoption of the collective bargaining agreement and is contained in the salary scale. That it is but a ministerial act to place new members, who are certified teachers and fall within Article XIII of the collective bargaining agreement, on the appropriate step in accordance with their experience and education. Plaintiff also alleges that where there exists a dispute regarding the appropriate salary step, that matter concerns an interpretation of the collective bargaining agreement which should be addressed by the grievances procedure and binding arbitration. Indeed, in its own decision the Labor Relations Board acknowledges it is not empowered to interpret a collective bargaining agreement.
The defendant Union's position is simply that the action of the School Committee in placing these employees on the salary scale for certified teachers is a refusal to bargain and thus an unfair labor practice.
Plaintiffs also assert that the past practices of the parties dictate that this matter is and should be the subject matter of the grievances procedure and binding arbitration.
The president of the Union, Roger Boudreau testified that in the past where the Union felt individual teachers were misplaced on the salary scale the Union resorted to the grievance procedure and that whenever new members entered the bargaining unit the School Committee did not negotiate their salary. The Union has never before filed an unfair labor practice charge over the placement of a teacher of the salary scale.
The scope of review of administrative decisions of the state's agencies and boards is limited by G.L. 1956 §42-35-15(g). The Court must not substitute its judgment for that of the board in regard to the credibility of witnesses or the weight of the evidence concerning questions of fact.Edge-January, Inc. v. Pastore, 430 A.2d 1063 (R.I. 1981);Guarino v. Department of Social Welfare, 122 R.I. 583,410 A.2d 425 (R.I. 1980).
The question of whether the placement of these employees on the salary scale of the existing collective bargaining agreement is a ministerial act or constitutes a refusal to engage in collective bargaining and thus an unfair labor practice is a mixed question of law and fact. D'Ambra v. Board of Review ofDepartment of Employment Security, 517 A.2d 1039 (R.I. 1986). Determination of questions of law are not binding on the court and may be reviewed for their correctness and their applicability to the facts. Carmody v. Rhode Island Conflict of InterestCommission, 509 A.2d 453 (R.I. 1986); Narragansett Wire Co. v.Norberg, 118 R.I. 596, 376 A.2d 1 (1977).
The position of the plaintiff that the Board lacks jurisdiction over the subject matter of this action is incorrect. The School Committee correctly argues that the placement of a new employee on an existing salary scale involves an interpretation of the collective bargaining agreement and is subject to the grievance and arbitration procedures contained therein. That does not address the issue of new positions such as school social workers and the salary to be paid for those positions as agreed upon by the parties. Here there was no negotiation and no agreement regarding the salary for these employees at the time they entered the bargaining unit. The Board correctly distinguished between the salary of an employee who is hired to fill a vacant position or the creation of an identical position and the salary of an employee who enters the bargaining unit for a new position.
Salary has been determined to be a mandatory subject of collective bargaining pursuant to G.L. 1956 (1986 Reenactment) §28-9.3-3, "School Teachers' Arbitration Act". Thus the finding of the Board that there exists an obligation to negotiate the conditions of employment, including salary, respecting all new union positions is reasonable and supported by the evidence. The failure of the Lincoln School Committee to engage in collective bargaining prior to reducing the salaries of the employees in question is a violation of its duty to negotiate and could be characterized as an unfair labor practice within the meaning of §28-7-13(6).
The decision and order of the defendant Rhode Island State Labor Relations Board is affirmed and the complaint of the plaintiff Lincoln School Committee is denied and dismissed.
[1] Section 28-7-13 provides in relevant part:
28-6-13. Unfair Labor practices. — It shall be an unfair labor practice for an employer:
* * *
(6) To refuse to bargain collectively with the representatives of employees, subject to the provisions of 28-7-14 — 28-7-19, inclusive, except that such refusal to bargain collectively with any such representative shall not, unless a certification with respect to such representative is in effect under 28-7-14 — 28-7-19, inclusive, be an unfair labor practice in any case where any other representative, other than a company union, has made a claim that it represents a majority of the employees in a conflicting bargaining unit.