246 A.2d 213 (1968)
Herbert G. CAHOONE
v.
BOARD OF REVIEW OF the DEPARTMENT OF EMPLOYMENT SECURITY.
Equity No. 3199.
Supreme Court of Rhode Island.
October 10, 1968.
A. Norman LaSalle, Providence, for petitioner.
Aaron S. Helford, Providence, for respondent.

OPINION
JOSLIN, J.
This employee's petition for benefits under the employment security act was heard administratively within the department of employment security and then judicially in the superior court.[1] A justice of that court affirmed the decision of the board of review and the case is now here on the petitioner's appeal.[2]
*214 The material facts are not in dispute. The petitioner, while unemployed and collecting unemployment compensation benefits, was referred by the employment security office to the post office department, where he was offered and accepted temporary employment for the Christmas rush period. Although he understood that he would be a "mail carrier" he was assigned to driving a motor truck when he reported for work on December 17, 1964. He described the vehicle as a World War II canvas topped army truck which had no heater and had apparently once been used to transport personnel. His earlier employment was as a builder and repairer of boats and, although he had no prior experience operating a motor truck, the record is devoid of anything indicating that he met with any operational difficulties.
On the first day of his employment, petitioner worked in excess of eleven hours. Whether he took a lunch break is not clear. The review board in its decision says that he did not. In a signed statement which is part of the record, he states, however, that he had a "one half hr. lunch period." At the end of the working day, he returned to the post office where he found that his personal automobile, which he had parked on government property in an area reserved for supervisors and departmental vehicles, had been purposely obstructed by a truck. The petitioner became angry; a verbal altercation with his supervisor followed; he terminated his employment; and on the following day he filed his claim for unemployment compensation benefits.
The critical question for administrative determination within the agency was whether petitioner had good cause for voluntarily quitting his job. That is the test fixed by G.L. 1956, § 28-44-17, as amended, for determining entitlement to benefits.
The initial administrative hearing was before the department director who found that petitioner's job was not unsuitable and that his reason for terminating was personal dissatisfaction with the nature of the employment. Such a reason, the director concluded, did not constitute good cause. The appeals within the department which followed were first to a referee and then to the board of review. Both agreed with the director's conclusion and for substantially similar reasons. The referee found, and the board in affirming his decision accepted his findings, that petitioner had voluntarily terminated after only one day on the job not by reason of job unsuitability or an inability to perform the assigned work, but because his assignment was to drive a truck, rather than to deliver mail, and because he was disgruntled when at the end of a long working day he found his automobile blocked.[3] One board member dissented. Her reasons for concluding that petitioner left his job with good cause were that he had "mechanical difficulty with the truck," and that the job was unsuitable.
The three hearings  before the director, a referee, and the board of review  exhausted the available administrative remedies within the agency and petitioner, believing that he was aggrieved by the board's decision, sought judicial review in the superior court. The scope of the review is detailed in § 42-35-15 (f) and (g) as enacted by P.L. 1962, chap. 112, sec. 1. It directs that the review shall be conducted without a jury and that it shall be confined to the record. The court, moreover, *215 is specifically prohibited from substituting its judgment for that of the agency on the weight of the evidence on questions of fact. Reversal or modification of an agency decision is permissible only if the court is satisfied that "* * * substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
"(1) * * *
"(2) * * *
"(3) * * *
"(4) * * *
"(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
"(6) arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The trial justice, after reviewing the record and hearing arguments of counsel, decided against the petitioner. While he recognized that reasonable minds might well have reached contrary results from the uncontradicted facts, he nonetheless concluded that the legislatively imposed strictures on the extent of his review precluded him from upsetting or modifying the administrative determination. In our judgment, he had no other alternative.[4]
The judgment appealed from is affirmed.
ROBERTS, C.J., concurs with Mr. Justice POWERS.
POWERS, J., concurring.
I concur with the majority in their determination that on the issue of just cause or other factual findings the trial justice and this court are not warranted in substituting their judgments for that of the agency. I feel, however, that there is a preliminary question of law which should have been determined. My reading of the record indicates to me that the applicant was referred to employment which might well not have been suitable within the meaning of § 28-44-20. If so, accepting employment which may not have been suitable in the first instance, and which could have been refused when offered, he should not be deemed to have waived his option to refuse, or be required to meet a more onerous burden of proof by reason of initiative which should be encouraged. The purpose of the act would be better served by encouraging unemployed individuals to accept employment for which their suitability is in question rather than presenting them with a situation wherein they must decide that if they do accept questionable employment they will be forced to endure it or be penalized.
The record in this case, however, does not lend itself to a final determination on the question of suitability, and accordingly I would remand the case to the agency for further hearing.
ROBERTS, C. J., concurs with Mr. Justice POWERS.
NOTES
[1] Even though the proceedings for judicial review were claimed under G.L. 1956. § 28-44-52. We consider them as having been brought pursuant to § 42-35-15(g), as enacted by P.L. 1962. chap. 112, sec. 1. That section controls because the administrative procedures act governs appeals from decisions of the board of review.
[2] The appeal apparently was pursuant to § 42-35-16 as enacted by P.L. 1962, chap. 112, sec. 1. In 1966, however, certiorari was substituted as the method for obtaining review in this court. See P.L. 1966, chap. 213, sec. 1.
[3] The petitioner's appeal from the director's decision sets out in his own language perhaps more succinctly than elsewhere in the record what motivated the termination. He says there: "I do admit I quit the job voluntarily when the happening occurred regarding my car being parked in a wrong place which I didn't know was so, also I wouldn't have parked there. However, I wasn't entirely satisfied with the job anyway as it was the type of job this office said it was when they referred me to it and the pay was less than I was told. I doubt that I would have remained there for long if this incident about the car hadn't happened."
[4] The result would have been no different if the judicial review antedated the administrative procedures act. The controlling statute was § 28-44-54 and it confined the reviewing court to a consideration of questions of law and made the findings of fact, in the absence of fraud, conclusive so long as supported by substantial evidence. See Whitelaw v. Review Bd., Dept. Emp. Sec., 95 R.I. 154, 185 A.2d 104.