[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision by the Department of Labor. Boydco, Inc. (hereinafter "plaintiff") seeks reversal of the August 14, 1986 decision finding it had violated Rhode IslandGeneral Laws 1956 (1990 Reenactment) § 37-13-16 requiring it to pay employees amounts to equal the prevailing wage and declaring them ineligible to bid or be awarded work by an awarding authority for eighteen months. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-35-15.
The facts pertinent to this decision are as follows. Boydco, Inc. contracted, as general contractor, with the Town of Bristol for construction of the Mt. Hope Pumping Station. The parties agree that the contract was a public works project pursuant toRhode Island General Laws 1956 (1990 Reenactment) § 37-13-1et. seq.
A complaint was filed with the Department of Labor by an employee of the plaintiff claiming that the plaintiff failed to pay certain workers the prevailing rate. The Department of Labor investigated and found the allegations in the complaint to be true. A hearing was held on July 10, 1986 at the Department of Labor and a decision was rendered on August 14, 1986. The plaintiff was found to have violated Rhode Island General Laws
1956 (1990 Reenactment) § 37-13-16 and was required to pay employees amounts that would equal the prevailing rate and was declared ineligible to bid or be awarded public works projects for eighteen months. Subsequently, plaintiff has paid the amounts required under protest and without prejudice and has appealed to this Court.
The Superior Court review of an administrative appeal is governed by Rhode Island General Laws 1956 (1988 Reenactment) §42-35-15, which provides in pertinent part:
 42-35-15
 Section (g) of the statute reads as follows:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The scope of review permitted by this statute is limited and, accordingly, this Court cannot substitute its judgment on a question of fact for that of the agency. Lemoine v. Departmentof Public Health, 113 R.I. 285, 291, 320 A.2d 611 (1974). It is well settled that findings of fact of an administrative agency cannot be disturbed unless clearly erroneous or completely bereft of competent evidentiary support in the record. Sarter v.Coastal Resources Management Council, 542 A.2d 1077 (R.I. 1988).
Review here is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence to support the agency's decision and, if so, it must be upheld. Blue Cross and Blue Shield v. Caldarone,520 A.2d 969, 972 (R.I. 1987). This Court must not exercise its independent judgment or consider whether the evidence is strong or weak, direct or circumstantial, nor does it pass judgment on the credibility of witnesses. Carmody v. Rhode Island Conflictof Interest, 509 A.2d 453, 458 (R.I. 1986); Edge-January, Inc.v. Pasture, 430 A.2d 1063, 1065 (R.I. 1981). This standard must be strictly adhered to even though reasonable minds might have reached contrary results from the uncontradicted facts and even if this Court views the evidence differently than did the agency.Cahoone v. Board of Review, 104 R.I. 503, 506, 246 A.2d 213
(R.I. 1986); Berberian v. Department of Employment Security,414 A.2d 480, 482 (R.I. 1980). Even where several inferences can be drawn from the evidence, the reviewing court must affirm the decision of the agency unless the findings are clearly erroneous.Guarino v. Department of Social Welfare, 410 A.2d 425, 428 (R.I. 1980).
Plaintiff brings this case before this Court seeking several forms of relief including damages, costs, fees, review of the constitutionality of a statute, and reversal of an administrative decision. Where a court is to review an administrative decision, such review is done from a certified record, not de novo. Thus, any form of relief sought by the plaintiff that is not explicitly delineated in Rhode Island General Laws § 42-35-15 is beyond the jurisdiction of this Court. Accordingly, this Court, by its power of review under Rhode Island General Laws § 42-35-15, discussed above, will recognize this case as an administrative appeal and will review the administrative decision as dictated by Rhode Island case law.
Plaintiff claims that the complaint filed with the Department of Labor was unfounded and had no basis pursuant to Rhode Island law. However, Angelo Pirri testified at the hearing that he investigated the complaint and that the prevailing rates were not paid by the plaintiff (Tr. at 27-28). The thrust of plaintiff's argument is that since the Town of Bristol did not comply with the requirements for obtaining prevailing wages, it is impossible for the plaintiff to violate any provision of Rhode Island law. The applicable statute, Rhode Island General Laws 1956 (1990 Reenactment) § 37-13-6, sets forth the procedure to be followed by the awarding authority to ascertain the prevailing wage. No where in that statute or in any other section of Chapter 13 is the contractor excused from paying prevailing wages if the awarding authority does not comply with Rhode Island GeneralLaws § 37-13-6. The Department of Labor ruled consistently with the interpretation when it stated in its decision "if the awarding authority in Bristol did not request a schedule of the prevailing wage from the Labor Department or did not inform Boydco, Inc. of the prevailing rate, it nevertheless does not excuse Boydco, Inc. from paying the prevailing wage." (Department of Labor Order, August 14, 1986 at 2.) It is the finding of this Court that the Department of Labor was correct and the plaintiff must pay the prevailing wage regardless of what the awarding authority did or failed to do.
Plaintiff next argues that the Director of Labor did not investigate and determine the prevailing wages and payments.Rhode Island General Laws 1956 (1990 Reenactment) § 37-13-8
clearly states that in making his determinations the Director of Labor "may adopt and use . . . [the] prevailing wage rate determinations . . . made by the secretary of labor of the United States of America in accordance with the David-Bacon Act." There was testimony at the hearing by Peter DeLisi that the prevailing wages were established by the United States Secretary of Labor and these wages were adopted by the Director of Labor for the Bristol project. (Tr. at 7). This Court is satisfied that this evidence, absent any evidence to the contrary, is enough to support the determination by the Department of Labor that the prevailing wages were properly adopted.
After a review of the entire record, this Court finds there is ample evidence to support the Department of Labor's finding that the plaintiff must pay the prevailing wage regardless of the Town of Bristol's actions or failure to act. The record also reveals ample evidentiary support showing the Director of Labor properly adopted the prevailing wages set by the United States Secretary of Labor and that there was a full satisfactory investigation into the complaint raised against the plaintiffs.
This Court finds, after reviewing the entire record, that the Department of Labor's decision of August 14, 1986 is supported by reliable, probative, and substantial evidence and is not clearly erroneous. The Department of Labor did not exceed its statutory authority, abuse its discretion, or issue and arbitrary and capricious decision. For the reasons herein set out above, the August 14, 1986 decision of the Department of Labor is hereby affirmed.