[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Rhode Island Department of Human Services (hereinafter "DHS"). Jurisdiction in this Superior Court is pursuant to Rhode Island General Laws
1956 (1988 Reenactment) § 42-35-15.
I.
CASE TRAVEL-FACTS
On May 15, 1989 a DHS appeals hearing officer affirmed an initial DHS decision to deny the plaintiff's application for Medical Assistance Benefits for the months of September through December, 1988. The plaintiff here requests that this court reverse the decision of the hearing officer.
The plaintiff is a mentally retarded resident patient of a long-term care group home managed by Ocean State Community Resources, Incorporated (hereinafter "Ocean State"). From 1985 until September 19, 1988, when application for Medical Assistance Benefits was made on her behalf, the plaintiff was a private patient whose care was supposed to be paid for by funds from her estate and a testamentary trust established for her benefit by her father.
Until April, 1988, the monies held in her estate and the trust were sufficient to allow the guardian/trustee to fully compensate Ocean State for its services to the plaintiff. In April, 1988, however, in order to comply with a state rate-setting procedure, Ocean State retroactively increased the monthly rate for the plaintiff's care. The increase resulted in an arrearage of $69,572.37 for care received prior to April 1, 1988. By then, the plaintiff's estate had been depleted. On May 13, 1988, the testamentary trust sold its last remaining asset, stock, for $80,363.51. As a result of this sale, the trust incurred federal and state tax liabilities in the amount of $16,800.
Although the trustee used some of the proceeds of the sale to pay off a portion of the arrearage, she did not apply the whole trust corpus towards that debt. She retained $16,800 which she earmarked for the payment of the state and federal taxes due on account of the sale. She also retained and earmarked $10,000 which she offered to Ocean State in settlement of the remainder of the outstanding arrearage and the unpaid services from June 1, 1988 to December 31, 1988. Pursuant to the settlement agreement, Ocean State's claim for unpaid services was not extinguished, but the provider agreed not to attempt to collect from the trustee unless overreaching could be established. The trustee did not actually disburse the funds for the federal and state taxes or the Ocean State settlement fee until late December, 1988. From September through December, 1988, the earmarked funds were basically all that remained in the trust.
Ocean State continued to provide care to the plaintiff after April 1, 1988, even though it was not being paid. The plaintiff's total debt for medical care increased accordingly. On September 12, 1988, Ocean State notified the trustee that in light of the plaintiff's increasing debt and the trustee's claim that no further assets were available in the trust for the benefit of the plaintiff, Ocean State would take steps to remove the plaintiff from its facility unless her eligibility for Medicaid was immediately established. In response, the trustee initiated legal action on behalf of the plaintiff and prevented the termination of services or her eviction from the group home. The trustee also, on September 19, 1988, filed the application for Medical Assistance Benefits which is presently before this court.
On December 20, 1988, the DHS resource unit administrator determined that the plaintiff was ineligible to receive benefits for September through December, 1988, because her countable resources exceeded the $4,000. resources limit. The administrator based his decision on his determination of the following: as of September 1, 1988, the plaintiff's trust held $30,492.28; as of October 1, 1988, $30,772.31; as of November 1, 1988, $22,241.51; and as of December 1, $23,241.51. In ruling that those funds constituted a countable resource for each of those months, the administrator found
 [T]here was no legal impediment upon the trustee from accessing these funds for the use of the applicant. Therefore they are a countable resource. The $10,000 for the nursing home, $14,000 to IRS and $2,800 to Rhode Island Division of Taxation are not a lien or encumbrance on these funds and are within the authority of the trustee to have paid them on or before September 1, 1988. (Tr. exhibit 19).
The plaintiff requested a DHS administrative hearing which took place on March 23, 1989. On May 15, 1989, the DHS hearing officer upheld the initial decision. He also affirmed a resource unit administrative decision which provided that the plaintiff became eligible for benefits effective January 1, 1989, after the trustee had disbursed $14,000 to the IRS, $2,800 to the State, and $10,000 to Ocean State, thereby reducing her countable resources to below the $4,000 limit.
The plaintiff appealed to this Superior Court on June 13, 1989. She argues that the monies earmarked by the trustee for the payment of federal and state tax liabilities and for the payment of a settlement fee to Ocean State were not countable resources available for the benefit of the plaintiff during the months of September through December, 1988. Furthermore, she argues that the testamentary trust established for the plaintiff is a discretionary trust which creates a legal impediment on said trust funds.
II.
APPELLATE REVIEW PURSUANT TO G.L. § 42-35-15
Section 42-35-15 provides in part:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Accordingly, when reviewing an agency decision, the court must not substitute its judgment for that of the agency with respect to the credibility of the witnesses or weight of the evidence concerning questions of fact. Costa v. Registry of MotorVehicles, 543 A.2d 1307 (R.I. 1988). Even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than did the Agency (Cahoone v. Board of Review, 104 R.I. 503, 506, 246 A.2d 213
(1968)), it must uphold the agency decision if it finds any competent evidence upon which the Agency decision rests. E.Grossman and Sons. Inc. v. Rocha, 118 R.I. 276, 373 A.2d 496, (1977). Alternatively, the court may vacate the Agency decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the record. Thus the court will reverse factual findings of an administrative agency only when they are devoid of competent evidentiary support. Milardov. Coastal Resources Management Council, 434 A.2d 266, 270 (R.I. 1981).
III.
THE DHS DECISION
The first issue for this court to consider and resolve is whether or not the DHS erred in its decision that the plaintiff's testamentary trust held countable resources in excess of $4,000 for the months of September through December, 1988. In this appeal the plaintiff argues, as she did before the DHS hearing officer, that the trust funds which were earmarked by the trustee to pay off tax liabilities and a settlement obligation should be excluded from her countable resources.
In order to qualify as medically needy, an applicant may not have available resources in excess of $4,000. The resource determination is made as of the first moment of the first day of the month in which the application is filed. There is no dispute among the parties that as of the first of the months of September through December 1988, the balance in the plaintiff's trust account was in excess of $20,000. There is also no dispute that during those months there existed federal and state tax liabilities, as well as indebtedness to the provider, Ocean State, that far exceeded the trust corpus.
DHS Agency Policy Manual, § 0324 deals with the effect that indebtedness for medical expenses and tax fees has on an applicant's countable resources. Specifically, pursuant to § 0324 medical and tax expenses are recognized as "allowable expenses." When an applicant is found to be ineligible due to excess resources and is notified that eligibility does not exist, she may establish eligibility as of the date the allowable expense equals or exceeds the excess resource (however, no earlier than the first day of the month of application) if the excess resource amount is actually expended on allowable expenses and the applicant verifies the asset reduction within 30 calendar days of the date of the notification. Pursuant to § 0324 and contrary to the plaintiff's argument, a debt, by itself, even for an allowable expense such as medical expenses and tax fees, does not diminish an applicant's countable resources. Resources are diminished when the funds are actually expended not when the debt is incurred. This court then agrees with the DHS ruling that the plaintiff's countable resources for the months of September through December, 1988, exceeded the $4,000 resources limit.
Nevertheless, this court finds that the applicant did establish eligibility effective September 1, 1988, pursuant to § 0324. As discussed above, if an applicant is notified that she is ineligible, she may establish eligibility as of the date the allowable expense equals or exceeds the excess resource (no earlier than the first day of the month of application) if the excess resource amount is expended on allowable expenses and the applicant verifies the asset reduction within 30 days of the date of the notification of ineligibility. The plaintiff's allowable expenses (medical and tax liabilities) exceeded her excess resources on September 1, 1988, the month of application. She was notified of her ineligibility on or about December 20, 1988. She expended the excess resource amount on December 27, 28, and 29. She verified the asset reduction within 30 calendar days of the date of the notification of ineligibility. Evidence of this verification is a January 18, 1989, written determination by DHS which states that the plaintiff's resources had been reduced to below the resource limit as of January 1, 1989. Having met all of the requirements as indicated in § 0324, the plaintiff established her eligibility for Medical Assistance Benefits effective September 1, 1988.
This court finds that the DHS decision denying the plaintiff benefits for September through December, 1988, was clearly erroneous in view of both § 0324 of the DHS Policy Manual and the reliable, probative, and substantial evidence in the whole record.
Having so found, this court need not reach the plaintiff's alternative argument regarding the plaintiff's testamentary trust.
For the reasons stated above, the DHS Administrative Hearing decision dated May 15, 1989, is reversed.
Counsel will prepare the appropriate judgment for entry by the Court.