[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Samuel Nogueras (hereinafter "Appellant") who seeks reversal of a decision by the Rhode Island Department of Human Services (hereinafter "DHS") which denied him General Public Assistance (GPA) benefits. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) §42-35-15.
Statement of Facts
The pertinent facts are as follows. On November 15, 1990, appellant filed an application for GPA benefits which are administered by DHS. At the time of the filing, appellant was unemployed and sought the benefits pursuant to § 0608.05, et seq. of the DHS regulations. Said benefits are awarded to those individuals who meet a certain classification and who satisfy certain requirements. Specifically, appellant sought GPA benefits pursuant to § 0608.10.10, which provides for benefits to those individuals who, due to medical reasons, are unable to obtain employment.
Section 0608.10.10.05 mandates that any applicant seeking benefits due to a medical incapacity provide DHS with evidence thereof. In apparently complying with this requirement, appellant provided DHS with a medical report from Dr. Malcolm MacKenzie, M.D. The report indicated that appellant was "unable to work" due to an alcohol related incapacity which required appellant to seek outpatient care at the Minority Alcoholism Program (MAP).
Upon reviewing the medical report at the November 15 hearing, the DHS caseworker determined that Dr. MacKenzie's report was somewhat ambiguous in that it stated that appellant was unable to work, yet, in a separate section stated that appellant suffered from no physical limitations. To clarify this ambiguity, the caseworker contacted Dr. MacKenzie.
During the ensuing conversation Dr. MacKenzie divulged that his primary reason for determining that appellant was unable to work was to provide appellant an opportunity to attend counseling sessions provided by MAP. When apprised that appellant was attending only one ninety (90) minute session per week, Dr. MacKenzie intimated that this session, standing alone, would not otherwise prevent appellant from seeking employment. Dr. MacKenzie further opined that appellant suffered from no other medical problems which prevented his employ. Based upon Dr. MacKenzie's oral statements, DHS denied appellant benefits due to the fact that appellant had not met the necessary showing of unemployability. Appellant was then allegedly instructed to submit a second medical report in support of his application.
Appellant subsequently obtained a second medical report from a different physician.[1] Said report was based upon an examination conducted on January 3, 1991. The diagnosis was that due to appellant's alcoholism he was not employable.
Pursuant to R.I.G.L. 1956 (1990 Reenactment) § 40-6-13
appellant filed a timely appeal of the DHS denial. A scheduled hearing was held on January 7, 1991, at which DHS reiterated their position that appellant had failed to demonstrate that he was medically incapacitated for the time period claimed and was thus ineligible for GPA benefits pursuant to § 0608.10.10.05. At said hearing, counsel for appellant attempted to introduce the second medical report as evidence that appellant was unable, due to his alcoholic condition, to obtain employment. DHS objected to the introduction asserting that the report was irrelevant to the November 15 denial in that said report was based upon an examination conducted on January 3, 1991.
The hearing officer concurred with DHS and issued a written decision on January 14, 1991, which affirmed the denial of benefits. This decision was based upon Dr. MacKenzie's written report as well as his subsequent modification thereof, which had by this time been reduced to writing.
Appellant filed the instant appeal averring that the denial was based solely upon the fact that he suffered no physical impairments. While appellant doses not directly challenge the finding that no physical impairments exist, he asserts that his alcoholic condition is a sufficient basis upon which he is entitled to GPA benefits. Further, appellant asserts that DHS was required to admit only Dr. MacKenzie's original written report which concluded that appellant was unable to work. Alternatively, appellant asserts that the January 3, 1991, examination is competent evidence which establishes that he was unable to work as of November 15, 1990, the date of the original filing.
DHS' argument is two-fold. First, DHS contends that they were authorized to make further inquiry of Dr. MacKenzie's original report. Second, that the January 3, 1991, examination was irrelevant to their determination that as of November 15, 1990, appellant was not unemployable and thus was not eligible for GPA benefits.
Analysis
This Superior Court has jurisdiction to review the decisions of various state administrative agencies pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15. Said statute provides in pertinent part:
 42-35-15. Judicial review of contested cases.
 (g) The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Though the court is empowered to review the decisions of an administrative agency it is prohibited from substituting its judgment for that of the agency with respect to the credibility of the witnesses or weight of the evidence. Costa v. Registry ofMotor Vehicles, 543 A.2d 1307 (R.I. 1988). In those decisions which are reviewed the court must uphold the decision of the agency if it determines that the decision was supported by competent evidence. Blue Cross Blue Shield v. Caldarone,520 A.2d 969 (R.I. 1987); E. Grossman and Sons, Inc. v. Rocha,118 R.I. 276, 373 A.2d 496 (1977). This is so even where the court, after reviewing the certified record, is inclined to view the evidence differently than did the agency. Cahoone v. Board ofReview, 104 R.I. 503, 246 A.2d 213 (1968).
In reviewing a decision of an administrative agency the court may reverse those factual findings only when they are devoid of competent evidentiary support. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (R.I. 1981). Alternatively, the court may vacate the agency decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Costa,supra.
Pursuant to DHS regulations — specifically, § 0608.10.10.05 — an applicant seeking GPA benefits based upon medically related unemployability must provide DHS with evidence which establishes the existence of a mental or physical condition which prevents the applicant from working. Only upon such a showing may an applicant be awarded benefits. Appellant contends that the decision to deny him benefits was based upon a finding that appellant suffered from no physical impairments which precluded his finding employment. Averring that it was clearly erroneous for DHS not to consider his alcoholism as the primary factor, appellant seeks reversal of the denial.
Appellant is correct in his averment that § 0608.10.10.05 allows benefits to be paid where it is established that an applicant is incapacitated due to alcoholism or drug addiction. However, a careful examination of the entire record indicates that the decision to deny benefits was premised upon the fact that appellant's examining physician recanted his initial determination that appellant was unable to work due to an alcoholic condition. DHS determined, therefore, that appellant had failed to meet his burden of establishing a medical condition which precluded his finding employment.
In so determining, DHS relied upon an oral conversation which the assigned caseworker had with Dr. MacKenzie after having interviewed appellant on November 15, 1990. During the course of this conversation Dr. MacKenzie learned, ostensibly for the first time, that appellant was seeking outpatient treatment at MAP once a week. When apprised of this fact, Dr. MacKenzie intimated that his primary reason for initially diagnosing appellant as being "unable to work" was so appellant could seek treatment. In that appellant was attending only one ninety (90) minute session per week, and that appellant suffered from no other physical impairments, Dr. MacKenzie concluded that appellant's alcoholism was not a bar to employment.
Appellant contends that it was error for DHS to rely upon Dr. MacKenzie's amended diagnosis in reaching its decision. Instead, appellant argues that DHS was mandated to accept as evidence only Dr. MacKenzie's original written report which diagnosed appellant as "unable to work." However, accepting such a proposition would be clearly contradictory to DHS regulations.
General Laws 1956 (1990 Reenactment) § 40-6-3.1 authorizes DHS to promulgate rules and regulations for determining the eligibility of applicants for GPA benefits. In complying with said authority DHS promulgated certain rules with respect to what evidence is admissible upon appeal of one of its decisions. Specifically, § 0110.50 provides that the appeals officer may "endeavor to bring out all relevant facts bearing on the individual's situation at the time of the questionedagency action (emphasis added) . . . [which is] pertinent to the issue."
It is clear, therefore, that the DHS caseworker was well within her authority in questioning Dr. MacKenzie's initial written report. In determining who is eligible for GPA benefits DHS is under an affirmative duty to ascertain all pertinent facts. DHS was under no obligation to accept only some information concerning appellant's alcoholism while rejecting other relevant facts. The Court therefore finds without merit appellant's contention that DHS erred in considering Dr. MacKenzie's amended diagnosis.
Finally, appellant contends that the examination conducted on January 3, 1991, produced competent evidence to prove the existence of appellant's alcoholic incapacity, thereby rendering him eligible for GPA benefits. DHS correctly held, however, that said examination had no relevance to appellant's condition on November 15, 1990, the date of the initial application which gave rise to the instant appeal. As was previously mentioned, the appeals officer is allowed to consider those relevant facts pertaining to the issue which were in question "at the timeof the action taken." The January 3, 1991, examination therefore had no bearing on the DHS decision to deny appellant benefits on November 15, 1990. Consequently, the appeals officer was not in error in refusing to admit the results of said examination.
For the reasons herein above set out, this Court finds that the DHS decision of January 14, 1991, which denied appellant GPA benefits was supported by reliable, probative, and substantial evidence. Accordingly, this Court hereby denies appellant's claim and affirms the decision denying the appellant benefits.
Counsel shall prepare entry of judgment in accordance with the above decision.
[1] The Court was unable to determine the identity of the second physician due to the inherent illegibility of the signature on the second medical report. Nor did the record disclose said physician's identity.