[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Alfred Oliver ("Plaintiff") who seeks reversal of a May 16, 1990, Department of Labor ("Department") decision which found him to be in violation of R.I.G.L. 1956 (1987 Reenactment) § 5-23-2. Jurisdiction is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
STATEMENT OF FACTS
The pertinent facts are as follows. Plaintiff is the president of Wickford Auto Station, Inc., and operates a gasoline retail establishment in Johnston, Rhode Island. From June 29, 1988 to July 26, 1989, plaintiff employed Mary McBurnie as a clerk/cashier. During this time Ms. McBurnie worked a total of forty-seven (47) Sundays for which she received compensation at a straight hourly rate. Contending that she should have received a rate of time and a half for her Sunday employ, Ms. McBurnie filed a complaint with the Department of Labor.
The Department subsequently conducted an investigation in order to determine whether or not plaintiff was in violation of R.I.G.L. 1956 (1987 Reenactment) § 5-23-2. Said section requires, inter alia, that all employees who are engaged in work on Sundays or holidays pursuant to the provisions of the section must be compensated at a rate which is time and a half their regular rate. The investigation focused primarily upon whether plaintiff's business came within the ambit of § 5-23-2, or whether it was excepted from the provisions provided therein by virtue of § 5-23-3.[1]
A scheduled hearing was held on April 12, 1990, before which several witnesses testified. The hearing officer, Armand D'Iorio, thereafter filed a written decision on May 16, 1990, which found plaintiff to be in violation of § 5-23-2 and thereby ordering plaintiff to cease and desist in said violation. Specifically, Mr. D'Iorio found, based primarily upon the testimony of Leila Green, a Department examiner, that plaintiff's business was not exempted from the provisions of § 5-23-2.
Plaintiff filed the instant appeal averring that the Department's decision was erroneous on three (3) grounds. First, plaintiff asserts that Mr. D'Iorio, who is legal counsel to the Department, should not have acted as hearing officer in this matter. Plaintiff next argues that the Department selectively enforced § 5-23-2 and, as such, violated plaintiff's due process and equal protection rights. Lastly, plaintiff argues that the Department incorrectly categorized his business as falling within § 5-23-2.
The Department objects to plaintiff's arguments and asserts that the decision reached by the hearing officer was in compliance with all constitutional mandates as well as all applicable Rhode Island law. Further, the Department contends that plaintiff has failed to meet the necessary threshhold burden to show bias on the part of the hearing officer.
ANALYSIS
This Superior Court has jurisdiction to review the decisions of various state administrative agencies pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15. Said statute provides in pertinent part:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Though the court is empowered to review the decisions of an administrative agency it is prohibited from substituting its judgment for that of the agency with respect to the credibility of the witnesses or weight of the evidence. Costa v. Registry ofMotor Vehicles, 543 A.2d 1307 (R.I. 1988). The court is constrained to uphold the agency's decision if it determines that the decision was supported by competent evidence. Blue Cross Blue Shield v. Caldarone, 520 A.2d 969 (R.I. 1987); E. Grossmanand Sons, Inc. v. Rocha, 118 R.I. 276, 373 A.2d 496 (1977). This is so even where the court is inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 246 A.2d 213 (1968).
In reviewing a decision of an administrative agency the court may reverse those factual findings only when they are devoid of competent evidentiary support. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (R.I. 1981). Alternatively, the court may vacate the decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Costa, supra.
Plaintiff first asserts that Mr. D'Iorio was incapable of rendering an unbiased decision in that as legal counsel for the Department he had an interest in the outcome of the hearing. Contending that this alleged bias constituted a violation of his Fourteenth Amendment right to a fair hearing, plaintiff seeks reversal of the Department's decision.
At the outset, the Court is mindful that in examining administrative proceedings there is a presumption which favors the administrator's decision thereby placing the burden upon the party challenging the action to present evidence sufficient to rebut this presumption. Gorman v. University of Rhode Island,837 F.2d 7, 15 (1st Cir. 1988). Absent this evidence of bias the presumption of honesty and integrity in the administrative hearing remains and the Fourteenth Amendment challenge must fail.See, Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 724 (1975); Davis v. Wood, 444 A.2d 190, 192 (R.I. 1982).
Plaintiff does not directly challenge Mr. D'Iorio's integrity or competence as a hearing officer. Rather, plaintiff merely alleges that the dual role which Mr. D'Iorio played in this matter rendered the April 12, 1990, hearing unfair. As evidence thereof plaintiff relies upon alleged inconsistencies in the notes which Mr. D'Iorio formulated at the hearing as opposed to the actual testimony adduced. However, a careful analysis of the notes as well as plaintiff's affidavit as to his recollection as to what transpired at the hearing has failed to convince this Court that Mr. D'Iorio's position as legal counsel for the Department played any role in the decision rendered. As wil be discussed, infra, there was reliable and competent evidence upon which Mr. D'Iorio could have relied in reaching his decision.
Plaintiff's reliance upon Davis v. Wood, 427 A.2d 332 (R.I. 1981), is misplaced. In Davis, our Supreme Court cautioned against those instances where a combination of prosecutorial and judicial functions is vested in the same individual. Id. at 337. However, as the Department correctly points out, such is not the case in the instant matter. Mr. D'Iorio served as neither an investigator nor prosecutor in the matter. His sole function was to reach a decision based upon the evidence presented before him. The Court is satisfied that Mr. D'Iorio carried out this function without a hint of bias. The Court therefore finds that the April 12, 1990, hearing was not violative of plaintiff's constitutional right to due process.
Plaintiff next avers that the Department's involvement in this matter was arbitrary thus amounting to selective enforcement of § 5-23-2 and therefore in violation of plaintiff's due process and equal protection rights. The Court finds this contention wholly lacking in merit.
Plaintiff correctly points out that State ex rel Scott v.Berberian, 109 R.I. 309, 284 A.2d 590 (1971), is controlling with respect to the issue of selective prosecution. InBerberian, our Supreme Court held that a plaintiff challenging the prosecution of an offense based upon equal protection grounds bore the burden of proving that others who had committed the same offense were not similarly prosecuted. Id. at 314, 284 A.2d at 594. Furthermore, it is necessary to show purposeful or intentional discrimination. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944).
The Court is unpersuaded that plaintiff's due process and equal protection rights were violated. The Department began their investigation pursuant to a valid complaint filed by Ms. McBurnie. Plaintiff has failed to produce any evidence that absent Ms. McBurnie's complaint any action by the Department would have been taken. Plaintiff similarly failed to produce any evidence that the Department acted with intentional or purposeful discrimination as is required under Snowden, supra.
Plaintiff lastly challenges the Department's finding that his business falls within the ambit of § 5-23-2. Plaintiff contends that he is exempt from the time and a half requirement in that his business falls within the exception of § 5-23-3. The Court disagrees.
While it is uncontradicted that plaintiff's business consists primarily of "works of necessity" as delineated in § 5-23-3, thereby seemingly placing it outside the scope of § 5-23-2, plaintiff nevertheless admits to also selling items not considered "works of necessity." In this respect, plaintiff's business would at least in part be subject to the time and a half requirement of § 5-23-2.
While the Court finds credible plaintiff's testimony that over ninety (90) percent of his business involves selling "works of necessity", as identified in § 5-23-3, it remains that a portion of plaintiff's business is similar to that of a convenience store. Therefore, for at least a portion of the time during which Ms. McBurnie was employed she would have been entitled to receive compensation at a rate of time and a half pursuant to § 5-23-2.
Plaintiff asserts that selling a small percentage of items other than "works of necessity" is essential in order to remain competitive in the industry. While the Court does not find this proposition to be untrue, it was nevertheless irrelevant to the Department's analysis. The sole issue which the Department had to determine was whether or not plaintiff's business was subject to the provisions of § 5-23-2. The economic motivation which prompts plaintiff to sell goods other than "works of necessity" was not a factor in the Department's determination. The fact remains that plaintiff sells, irrespective of the percentage, goods other than those authorized under § 5-23-3. As such, plaintiff is at least partially subject to the time and a half requirement of § 5-23-2.
For the reasons herein above set out this Court finds that the Department's May 16, 1990, decision finding plaintiff to be in violation of § 5-23-2 is supported by reliable, competent, and substantial evidence. Accordingly, the Department's decision is affirmed.
Counsel shall prepare an entry in accord with this decision.
[1] R.I.G.L. 1956 (1987 Reenactment) § 5-23-3 specifically exempts those businesses furnishing "works of necessity" from the provisions of § 5-23-2. Included are those businesses selling gasoline, oil, grease, automobile parts, automotive servicing or accessories, or for the conducting on that day by any farmer's co-operative association of a wholesale auction market of fruit or vegetables.