[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Coastal Resource Management Council (hereinafter "CRMC"). The plaintiff seeks a reversal of the CRMC's denial of an application for a residential dock. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
Jose B. Sousa (hereinafter "plaintiff") applied to the CRMC for a residential dock in tidal waters for his home at Blue Bill Cove, Portsmouth, Rhode Island. A full CRMC hearing was held on January 24, 1989. Plaintiff's application was denied on a vote of six to six. A written decision was issued on October 30, 1989. The CRMC concluded that plaintiff's proposed plan's overall effect would be deleterious to the coastal environment. The plaintiff here requests that this court reverse the decision of the CRMC and grant approval of plaintiff's dock.
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state agencies. Section 43-35-15 provides in pertinent part:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Essentially, when reviewing an agency decision, the court must not substitute its judgment for that of the agency in regard to the credibility of the witness or weight of the evidence concerning questions of fact. Costa v. Registry of MotorVehicles, 543 A.2d 1307 (R.I. 1988). Even in cases where the court after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency, (Cahoone v. Board of Review, 104 R.I. 503, 506, 246 A.2d 213
(1968)), it must uphold the agency decision if it finds any competent evidence upon which the agency decision rests. E.Grossman and Sons, Inc. v. Rocha, 118 R.I. 276, 373 A.2d 496
(1977).
Alternatively, the court may vacate the agency decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Thus, the court will reverse factual findings of an administrative agency only when they are devoid of competent evidentiary support.Milardo v. Coastal Resources Management Council, 434 A.2d 266, 270 (R.I. 1981).
The Superior Court is confined to a determination of whether there is any legally competent evidence to support the agency's decision. Barrington School Committee v. Rhode Island StateLabor Relations Board, 608 A.2d 1138 (R.I. 1992). "If competent evidence exists in the record considered as a whole, the court is required to uphold the agency's conclusions." Id. However, it may reverse or modify the agency's final decision if it is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Section42-35-15(g)(5).
Plaintiff argues that CRMC's decision was wrong in view of the reliable, probative and substantial evidence contained in the record. Specifically, he contends that there is no testimony or evidence supporting CRMC's findings that said dock would affect the water quality of Blue Bill Cove, that the tie-offs would pose a navigational hazard, that the large fetch in the area would cause substantial erosion and damage the area in a severe storm, and finally, that the riparian lines are in question.
The court finds the certified record demonstrates no competent probative evidence to support the above CRMC findings. The CRMC determined that the location in question, Blue Bill Cove, Portsmouth, Rhode Island, is a valuable estuarine cove where there is considerable shellfishing. Thus, the CRMC found and concluded that the cumulative effect of another dock would adversely effect the water quality and resulting shellfishing in the area. (CRMC Decision Findings of Fact 4, 5, 9 and 12 and Conclusions of Law 2 3). Plaintiff counters with the testimony of CRMC's own staff engineer who testified that water quality is not a problem. A water quality certification was obtained from the Department of Environmental Management which found no adverse impact on applicable water quality criteria would occur were the dock limited to one boat.
Under G.L. 1956 (1980 Reenactment) 46-23-6, the "primary responsibility" of CRMC is "the continuing planning for and management of the resources of the state's coastal region." In creating CRMC, the Legislature clearly delineated its policy goals:
 "[t]o preserve, protect, develop, and where possible, restore the coastal resources of the state for this and succeeding generations through comprehensive and coordinate long-range planning and management designed to produce the maximum benefit for society from such coastal resources; and that preservation and restoration of ecological systems shall be the primary guiding principle upon which environmental alteration of coastal resources will be measured, judged and regulated." Section 46-23-1.
Far from granting broad discretion to the council, the statute specifically directs the council to be guided by this single overriding criterion: "[P]reservation and restoration of ecological systems shall be the primary guiding principle upon which environmental alteration of coastal resources will be measured, judged, and regulated." (Emphasis added.) Section46-23-1. See also Milardo v. Coastal Resources ManagementCouncil, 434 A.2d 266, 271 (R.I. 1981).
Since the DEM has determined that the water quality will not be affected, the CRMC's decision regarding the aforementioned finding of fact runs contrary to the purpose and mission of the CRMC and is arbitrary and capricious.
CRMC also determined that the fetch in the particular area would not be a good area for the location of a residential dock. However, the CRMC had previously approved a residential dock for the adjacent property and the council's own engineer found that the fetch has been described as only 1/4 of a mile and therefore the structure will not be affected by any fetch within Blue Bill Cove. The engineer further concluded in the staff engineer report that the likelihood of failure of the proposed dock during hurricane season is no higher and very likely less than that of many other docks that the CRMC has previously permitted in more exposed waters.
CRMC further found there are no harbor or channel lines in the area and concluded that the evidentiary burdens of proof as set forth in the Coastal Resource Management Council Program[1]
have not been met for this project as the riparian lines are still in serious question. Appellant responds that the CRMC has already approved docks in the area including a dock on the adjacent property. Appellant contends that the evidentiary burden of proof would only be significant with regard to riparian lines. In addition, the appellant has obtained notarized letters from abutting property owners who have no objection to the construction of the dock. Lastly, the motion made was for approval of the application subject to the production of a proper set of riparian lines. Thus the issue of riparian lines was rendered moot.
Finally, the CRMC found that the tie-off pilings are a navigational hazard. Again the CRMC staff engineer countered this conclusion with the following testimony:
 "I don't believe they pose anymore [the tie-offs] of a hazard than any dock. I think a prudent navigator going through those waters would not have any problem with the dock. That's why in my report I recommended that Council approve it because it seems to be in strict compliance with the program."
The CRMC, in formulating its decision, relies in large part upon the future water quality problem which could result from the cumulative building of docks in the Blue Bill Cove area. In reviewing the decision, council members expressed concern with "drawing the line somewhere" despite the fact that plaintiff conformed to all the CRMC regulations. The council acknowledged this during the hearing:
 Now, they have come in and met the requirements,
its great. Now it comes to the point where we, as Council, sit down and we listen to what is being said . . . . and we make a judgment call on it, and the judgment call is based upon what you feel and how you feel about this particular situation . . . . around Blue Bill Cove there are many, many houses involved and it should be a major concern with us that we don't do anything more to help pollute that particular area. True, one isn't going to make a difference. . . . You have got to draw the line somewhere." [emphasis supplied].
While the CRMC as a fact finder is entitled to rely upon special knowledge of the area in question, Woodberg v. Zoning Board ofReview of Warwick, its decision must be based upon some reliable standard. To do otherwise would eliminate the stability and predictability necessary for adherence to CRMC regulations in the future.
In Citizens to Preserve Overton Park, Inc. v. Volpe,401 U.S. 402, 416, 91 S.Ct. 814, 823-24, 28 L.Ed.2d 136, 153 (1971), the United States Supreme Court stated that to make a finding of arbitrariness, capriciousness or an abuse of discretion, "the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." In the instant case, the record reveals that the CRMC ignored relevant factors and based its conclusions on irrelevant factors.
The record before this court demonstrates that plaintiff obtained a water certification certificate from the Department of Environmental Management, fully conformed to all CRMC regulations, and presented notarized letters of consent from abutting landowners as well as the staff engineer's testimony in full support of plaintiff's plan. After review of the record, this court finds the CRMC's decision to be arbitrary and devoid of competent evidentiary support.
The plaintiff's appeal is accordingly granted, and the CRMC's decision is reversed. Counsel shall prepare and submit an appropriate judgment for entry by the court.
[1] Section 300.1 of the CRMC regulations set forth that applicants must meet the following burden of proof: . . . (3) describe the boundaries of the coastal waters and land areas that are anticipated to be affected.