DECISION
This matter comes before the Court on an administrative appeal from a decision of defendant Coastal Resources Management Council ("CRMC"). The plaintiff seek reversal of CRMC's decision granting defendant Bowen's Wharf; Co., Inc.'s ("Bowen's") application for an assent to place and extend its existing dock configuration located in Newport, Rhode Island. Jurisdiction of this Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
 Facts/Travel
Bowen's filed an application for an assent to place and extend its existing dock configuration. The plaintiffs Ronald R. Fatulli ("Fatulli") and Shaner Hotel Group Properties Two Limited Partnership ("Shaner") (collectively "plaintiffs") own real estate abutting the proposed dock. The plaintiffs objected to Bowen's application.
A hearing was held on June 22, 1999 before the CRMC regarding the application. The parties presented lay witness, expert testimony, and exhibits. After the heating was closed, a motion was made and seconded to approve Bowen's application. After a discussion was held concerning the length of the proposed dock, a motion was made and seconded to reduce the length of the dock from 150 feet to 130 feet.
Fatulli and Shaner each filed a separate Complaint in Superior Court appealing CRMC's written decision dated July 6, 1999. On or about July 16, 1999, the Court consolidated the two cases.
 Standard of Review
This Court possesses appellate review jurisdiction of the CRMC's decision pursuant to § 42-35-15, that states as follows:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
§ 42-35-15 (g). Absent allegations of irregularities in the administrative procedure, this Court may not substitute its judgment for that of the CRMC regarding the credibility of witnesses or the weight of evidence concerning questions of fact.Costa v. Registrar of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). This Court must examine and review the entire record to determine whether substantial evidence exists to support the findings of the CRMC. Newport Shipyard, Inc. v. Rhode IslandComm'n for Human Rights, 484 A.2d 893, 897 (R.I. 1984). Used in this context, substantial evidence is defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Id. (quoting Caswell v. GeorgeSherman Sand and Gravel Co., Inc. 424 A.2d 646, 647 (R.I. 1981)). The CRMC's decision must be affirmed even if reasonable minds might have reached contrary results. Cahoone v. Board of Reviewof the Dept. of Empl. Sec., 104 R.I. 503, 506, 246 A.2d 213, 215 (1968). As such, the factual conclusions of the CRMC will not be reversed unless they are "totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources ManagementCouncil, 434 A.2d 266, 272 (R.I. 1981).
 Review of the CRMC Decision
Fatulli argues that Bowen's' proposed extension to its dock obstructs navigation to and from his wharf and interferes with his water-dependent business. Fatulli asserts that findings of fact 12, 14, 18, 20, and 21 of the CRMC's decision are devoid of any legally competent evidence in the record. Fatulli contends that Bowen's failed to produce any evidence demonstrating that the proposed dock would not impact the use of Fatulli's dock. In conjunction with Fatulli's argument, Shaner argues that Bowen's failed to produce any evidence regarding the reduction of the length of the proposed dock, the threat to navigation, marine safety, and that the "public access" to the water is increased by the proposed expansion. Shaner asserts that findings of fact 11, 17, 18, 19, 20, 21, and 27 are not supported by reliable, probative, and substantial facts.
Bowen's argues that the record supports the CRMC's finding that it satisfied the requirements pursuant to Section 300.1, Category B Requirements of the Rhode Island Coastal Resources Management Program ("CRMP"). Bowen's provided testimony through expert and lay witnesses demonstrating the impact of the proposed docks upon safety, navigation, public access, and use conflicts.
Section 300.1, Category B Requirements of the CRMP contains eleven factors Bowen's must demonstrate prior to the granting of an assent. The transcript of the June 22, 1999 hearing and the decision of the CRMC demonstrate that the requirements of Section 300.1 have been met. Nonetheless, both memoranda filed by plaintiffs challenge the credibility of the witnesses and the weight of the evidence given by the CRMC concerning questions of fact at the June 22, 1999 hearing. The record in this matter includes a 215-page transcript of testimony, documents, exhibits, memoranda, and 28 findings of fact by the CRMC in its decision. Additionally, the Newport Waterfront Commission and the Newport City Council approved Bowen's proposed dock while CRMC's engineer had no objections to the plan. Furthermore, both parties produced lay and expert witnesses to discuss the issues of safety, navigation, public access, and use conflicts.
The essential function of the CRMC is to weigh the credibility of the witnesses and the evidence at the hearing to determine whether or not Bowen's application should have been granted. This Court will not substitute its own judgment for that of the CRMC. § 42-35-15 (g). The record contains substantial evidence that a reasonable mind would accept as adequate to support the decision of the CRMC. Newport Shipyard, 484 A.2d at 897. As such, the evidence in this matter indicates that the decision of the CRMC was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or dearly unwarranted exercise of discretion." §42-35-15 (g)(5) and (6).
After a review of the entire record, this Court finds that the CRMC had competent evidence before them to grant Bowen's application for the assent and the substantial rights of plaintiffs have not been prejudiced. Accordingly, the decision of the CRMC is hereby affirmed.
Counsel shall submit an appropriate order for entry.