DECISION
This matter comes before the Court on appeal from a decision by a Hearing Committee convened under the Law Enforcement Officers' Bill of Rights. The plaintiff seeks reversal of the Hearing Committee's decision sustaining various departmental charges against plaintiff. Jurisdiction of this Court is pursuant to G.L. 1956 (1993 Reenactment) § 45-35-15.
 Facts/Travel
On or about April 25, 1998, plaintiff responded to a fatal motor vehicle accident. At the scene of the accident, plaintiff seized evidence consisting of beer bottles and a marijuana cigarette from the motor vehicle prior to either piece of evidence being photographed. On or about May 21, 1998, defendant Colonel William E. DeFeo brought three departmental charges against plaintiff arising out of the April 25th investigation. Charge I alleged that plaintiff violated Part II of the Rules and Regulations of the Warwick Police Department, Section A, Subsection 2, Knowledge of Police Directives. Charge I further alleged that plaintiff seized evidence in violation of General Order #340.03, Collection and Preservation of Evidence, which required evidence to be photographed prior to its removal or examination. Charge II alleged that plaintiff failed to obey the order of a superior officer. Finally, Charge III alleged that plaintiff had engaged in a neglect of his duty by failing to conduct a proper investigation at the scene of a fatal motor vehicle accident. The Department recommended that plaintiff be demoted in rank and pay grade to the position of Probationary Officer for a period of one year.
On or about July 22 and 23, 1998, the Hearing Committee convened a Law Enforcement Officers' Bill of Rights Hearing to address the charges levied against plaintiff. On or about August 11, 1998, the Hearing Committee issued a written decision sustaining Charges I and II against plaintiff by a majority of the panel, and finding insufficient evidence to sustain Charge III. The Hearing Committee gave plaintiff a four day suspension, placed him on a six month monitoring program, and ordered him to receive remedial training on search and seizure issues.
 Standard of Review
This Court possesses appellate review jurisdiction of the Hearing Committee's decision pursuant to G.L. 1956 (1993 Reenactment) § 45-35-15, that states as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
§ 45-35-15(g). This Court may not weigh the evidence or findings of fact, but merely reviews the record to determine whether there is legally competent evidence to support the Hearing Committee's decision. St. Pius X Parish Corp. v. Murray, 557 A.2d 1214, 1218 (R.I. 1989) (citing Powell v. Department of Empl. Sec., Bd. ofReview, 477 A.2d 93, 95 (R.I. 1984)). Judicial review of the Hearing Committee's decision is limited to questions of law. Powell, 477 A.2d at 95. As such, the Court may not substitute its judgment for that of the Hearing Committee, and must affirm the Hearing Committee's decision absent a finding of "clearly erroneous."Guarino v. Department of Soc. Welfare, 122 R.I. 583, 588,410 A.2d 425, 428 (1980) (citing G.L. 1956 § 42-35-15(g)(5)); Cahoonev. Board of Review of the Dept. of Empl. Sec., 104 R.I. 503, 506,246 A.2d 213, 215 (1968) (the Board's decision must be affirmed even if reasonable minds might have reached contrary results).
The Law Enforcement Officers' Bill of Rights Hearing The plaintiff argues that the Hearing Committee based its decision in sustaining Charge I upon a finding that plaintiff improperly seized evidence from a motor vehicle. The plaintiff contends evidence was presented at the hearing that as a matter of policy, the Warwick Police Department did not require all evidence to be photographed prior to its seizure. Additionally, plaintiff maintained that the seizure of evidence by him in this matter resulted in a valid arrest and a fully prosecutable case. In addressing Charge II, plaintiff asserts that the conversation between himself and his superior officer was not a model of clarity, and that the seizure of the evidence was of primary significance with the photography issue being a secondary concern.
The defendant City of Warwick (the "City") argues that the Hearing Committee heard evidence regarding plaintiff's discipline and performance history for the seventeen month period prior to the accident investigation which resulted in charges being brought against plaintiff. The City argues that within four weeks of being place on a monitoring program for his performance, plaintiff improperly seized evidence. In addressing Charge I, the City asserts that the Hearing Committee found the variations in plaintiff's reports led the Hearing Committee to doubt the accuracy of plaintiff's reasons for the removal of evidence. Nonetheless, the Hearing Committee sustained Charge I on the grounds that plaintiff's "actions were due to the lack of knowledge or clear understanding of the directive concerning the collection of evidence and that he did not seek clarification . . . ." In addressing Charge II, the City contends that plaintiff admitted to seizing the evidence in violation of an order by his superior officer.
The issue in this matter was whether or not plaintiff improperly seized evidence prior to being photographed in direct contravention of an order by a superior officer. The Hearing Committee was in the best position to determine whether or not the evidence demonstrated and supported the foregoing charges. The Court may not "weigh the evidence upon which findings of fact are based but merely reviews the record in order to determine whether there is legally competent evidence to support the administrative decision." Bunch v. Board ofReview, 690 A.2d 335, 337 (R.I. 1997) (citations omitted). "When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support." Rocha v. State of RI Pub.Utilities Comm'n, 694 A.2d 722, 726 (R.I. 1997) (citing Sartor v.Coastal Resources Management Council, 542 A.2d 1077, 1083 (R.I. 1988)). The testimony, evidence, and Findings of Fact issued by the Hearing Committee amply supported the decision of the Hearing Committee to sustain Charges I and II against plaintiff. As such, this Court will not substitute its own judgment for that of the Hearing Committee, even if reasonable minds could come to a different conclusion. § 42-35-15(g); See Cahoone, 104 R.I. at 506; 246 A.2d at 215.
The evidence in this matter indicates that the decision of the Hearing Committee was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1993 Reenactment) § 42-35-15(g)(5)(6). After a review of the entire record, this Court finds that the Hearing Committee had competent evidence before it to sustain Charges I and II against plaintiff. Accordingly, the decision of the Hearing Committee is hereby affirmed.
Counsel shall submit an appropriate order for entry.